UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**ROBERT O. LACK**,

    Plaintiff,

v.

**CRUISE AMERICA, INC.**,

    Defendant.

Case No. 17-cv-03399-YGR

**ORDER DENYING MOTION TO DISMISS**

Re: Dkt. No. 8

Plaintiff Robert Lack filed this action against defendant Cruise America, Inc. ("Cruise America") for alleged misrepresentations and deceptive conduct in relation to the sale of a used motorhome. Lack filed his complaint in the Superior Court of California in and for the County of Alameda, and Cruise America removed the action based on diversity jurisdiction, on June 12, 2017. (Notice of Removal ("NOR"), Dkt. No. 1.) The complaint alleges the following causes of action: (i) violation of the Consumer Legal Remedies Act for damages and injunctive relief, pursuant to California Civil Code sections 1750, *et seq.* (the "CLRA"); (ii) intentional misrepresentation; and (iii) negligent misrepresentation. (NOR Exh. A, "Complaint.")

Currently pending before the Court is Cruise America's motion to dismiss under Rule 12(b)(6) for failure to meet the plausibility requirement under Rule 8 and the particularity standard under Rule 9(b). (Dkt. No. 8 at 2, "Mtn.")[1]

Having carefully considered the papers and pleadings in this action, and for the reasons set forth more fully below, the Court **DENIES** defendant's motion to dismiss.

---

[1] Plaintiff filed his response in opposition to the motion to dismiss on July 6, 2017 (Dkt. No. 15, "Opp'n"), and defendant filed a reply in support of its motion to dismiss on July 13, 2017 (Dkt. No. 16, "Reply").

## I. FACTUAL ALLEGATIONS

Plaintiff Robert Lack alleges that, on September 17, 2014, he negotiated the purchase of a used 2008 Thor Majestic 28A motorhome from Cruise America. (Complaint ¶ 6.) Lack alleges that, during the sales negotiation, he requested permission to conduct an independent inspection of the vehicle, but Cruise America deterred him from doing so, representing that he "would be wasting his money" since the vehicle "had been thoroughly inspected at its home plant, completely refurbished and was in excellent condition." (*Id.* at ¶ 6.) Lack alleges that defendant had him watch a video that explained how all motorhomes sold by Cruise America were "fully refurbished before being sold," including processing "through a detailed checklist to make sure everything is working properly;" inspection of the chassis, tires, and brakes; checking and replacing fluids; and scrutinizing all onboard systems. (*Id.*) Lack was told that all vehicles come with a 12 month/12,000 mile warranty at no additional charge. (*Id.*)

Based upon those representations, Lack alleges that he agreed to purchase the vehicle for a total price of $24,239.00, and paid a $500.00 down payment on September 17, 2014. (Complaint ¶ 7.) On September 24, 2014, Lack paid the remaining $23,739 and signed a purchase agreement. He alleges that he "paid extra" for two extended warranties, as indicated on an unsigned version of the purchase agreement attached to the complaint. (*Id.* at ¶¶ 6–7; *see also* Exh. A thereto.)

Lack accepted delivery of the motorhome in Newark, California, on September 24, 2014, and it broke down while he was driving it home. (Complaint ¶ 9.) The motorhome required a replacement of the rear axle before it could be returned to Cruise America's premises to complete repairs. The dealer-recommended repair facility found the vehicle had suffered severe water damage, requiring at least $15,000 in repairs. (*Id.*) Cruise America refused to complete the recommended repairs. Lack alleges further inspection showed that the motorhome has body rot, rust damage, and other major deficiencies from pre-existing severe water damage caused by being submerged. (*Id.*) He further alleges that he has made many trips to have repairs performed, or re-done; that he has lost use of the vehicle for over six weeks due to repairs; and that additional repairs will be needed, costing over $22,000. (*Id.*)

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 554–55 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). After disregarding conclusory allegations, the material factual allegations must be enough to raise a right to relief "above the speculative level." *Id*. "[S]ome threshold of plausibility must be crossed at the outset before [litigation] should be permitted to go into its inevitably costly and protracted discovery phase." *Id.* at 558. The Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

3

Additionally, Rule 9 establishes a heightened pleading standard for allegations of fraud. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (noting that to be alleged with particularity under Rule 9(b), a plaintiff must allege "the 'who, what, when, where, and how'" of the alleged fraudulent conduct); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9(b) requires the identification of the circumstances establishing the fraud, so that a defendant can respond to the allegations adequately. *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007). However, the rule is not so stringent as to bar claims where specific details, not essential to preparing a defense, are not alleged. *Id.* at 554–55 (inability to recall names of store employees alleged to have sold products in consumer fraud claim would not be subject claim to dismissal under Rule 9(b)). Moreover, where a plaintiff alleges "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim[,] . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04, 1106 (9th Cir. 2003).

## III. DISCUSSION

Cruise America seeks dismissal on the grounds that Lack fails to state facts sufficient to constitute a cause of action, and fails to allege fraud with particularity as required by Rule 9(b). Specifically, Cruise America argues that Lack's complaint: (i) fails to allege fraud, misrepresentation, or a violation of the CLRA because Cruise America's statements were non-actionable puffery; (ii) relies on conclusory allegations of CLRA violations which renders it, as a whole, implausible; and (iii) fails to satisfy the particularity standards under Rule 9(b). The Court addresses each argument, in turn.

### A. Actionability of Cruise America's Representations

First, Cruise America argues that Lack's complaint "fails to plausibly to connect" the false statements, the defects with the motorhome, and the claim for relief, and that Lack has alleged, at most, disappointed expectations, not actionable misrepresentations. Lack alleges that Cruise

4

America made statements about the motorhome, including that it was "thoroughly inspected," "completely refurbished," and in "excellent condition." (Complaint ¶ 6.) Lack alleged that Cruise America, during the sales negotiations at the dealership, had him watch a video which said that all motorhomes sold by Cruise America were "fully refurbished before being sold" and "put through a detailed checklist to make sure everything is working properly." (*Id.*) Cruise America argues that these statements constitute non-actionable puffery, not a viable basis for any claim of a fraud or violation of the CLRA.

The Court disagrees. Unlike the authorities cited by Cruise America, the representations here were not vague assertions of a product's superiority or quality, but specific representations about the processes Cruise America had completed before offering for sale a particular used motorhome. *Cf. Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 973 (N.D. Cal. 2008) (generalized vague statements of product superiority, such as "faster, more power, and more innovative than competing machines" constitute non-actionable puffery); *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1154 (S.D. Cal. 2001) (Allstate's "good hands" slogan lacks the meaningful specificity necessary to be considered a representation of fact, and is only unactionable "sales talk" or statement of opinion about quality, value, or other matters of judgment). The alleged representations about the condition of the motorhome Lack purchased state a proper foundation for a claim for fraud or violation of the CLRA.

**B.      Adequacy of Alleged Violations of the CLRA**

Next, Cruise America argues that Lack's complaint relies on conclusory assertions of CLRA violations, undermining its plausibility as a whole. Specifically, Cruise America contends that the Complaint merely lists statutory violations without factual support, alleges facts on "information and belief," and uses "and/or" allegations which do not specify what it is that Cruise America is supposed to have done.

With respect to the CLRA, section 1770 of the California Civil Code lists a number of "unfair methods of competition or unfair or deceptive acts or practices" which are made unlawful by the Act. Cal. Civ. Code § 1770. The CLRA allows a suit by a "consumer who suffers any damage as a result of the use or employment by any person of a method or practice declared to be

5

unlawful" in section 1770. Cal. Civ. Code § 1780. Thus, to plead a claim under the CLRA, a plaintiff must allege that a defendant engaged in conduct prohibited by section 1770, and that such conduct caused the plaintiff harm. *Id.*; *see also Hale v. Sharp Healthcare*, 183 Cal. App. 4th 1373, 1387 (2010). To the extent that the prohibited conduct is based upon misrepresentations, a plaintiff must allege reliance on the misrepresentations in order to establish causation. *Hale*, 183 Cal. App. 4th at 1387.[2]

Lack alleges two counts for violation of the CLRA based upon his allegations that Cruise America's "sale was made in violation of the following subparagraphs of California Civil Code section 1770, subdivision (a), among other possible subparagraphs," and lists subsections 2, 3, 5, 7, 9, 13, 14, 16, and 19 as the alleged bases for the claims. (Complaint ¶ 11.) Lack also alleges that he is "further informed and believe(s) and thereupon allege(s) that [Cruise America] violated other laws by engaging in, among possibly other activity, any or all of the following conduct," and lists various legal provisions having to do with consumer protections in connection with the sale of a vehicle, including California Civil Code sections 2981.2 (goods and services disclosure), 2981.9 (providing single document with all terms of contract), and 2982 (disclosure of financing terms), California Vehicle Code sections 11713 (false pricing advertisements), and 11713.21 (two-day cancellation option), and 13 California Code of Regulations section 260.03 (inaccurate representations of vehicle condition or appearance). (*Id.* ¶ at 10.)

Contrary to Cruise America's argument, in addition to these conclusory allegations of statutory violations, Lack specifically alleged facts regarding misrepresentations made by Cruise America about the condition of the motorhome. (*Id.* at ¶¶ 6, 7, 9.) Lack specifically pled that defendants "acted willfully, maliciously, fraudulently, and in wanton disregard of plaintiff['s] rights, and with the authorization, ratification or act of oppression, fraud and/or malice on the part

---

[2] Lack's other two claims are for intentional and negligent misrepresentation. Under California law, the elements of intentional misrepresentation are: (1) a misrepresentation; (2) knowledge of its falsity; (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Gonzalez v. Proctor and Gamble Co.*, 247 F.R.D. 616, 623 (S.D. Cal. 2007). The elements of negligent misrepresentation are: (1) misrepresentation; (2) knowledge of the falsity, or scienter; (3) justifiable reliance; and (4) resulting damage. *Altman v. PNC Mortg.*, 850 F.Supp.2d 1057, 1068 (E.D. Cal. 2012).

of an officer, director, or managing agent of any corporate defendant." (Compl. ¶ 21; *see also id.* at ¶ 29 ("As a result of the foregoing misrepresentations, Plaintiff['s] consent to the subject contract was based upon fraud . . . .").) Thus, he has not alleged mere conclusions of law, but offers factual allegations that state a plausible basis for his claims that the sale of the motorhome violated many consumer protections regarding sales of vehicles. While the Court agrees that paragraph 10 and 11's language is less than precise (*e.g.*, "any or all of the following," "among other possible subparagraphs"), plaintiffs are permitted to plead multiple legal theories in the alternative. Similarly, allegations that Cruise America's conduct violated one provision "and/or" another provision amounts to nothing more than pleading in the alternative. That the Complaint here pleads multiple theories of liability for the same facts does not render its allegations implausible.[3]

### C. Pleading With Sufficient Particularity under Rule 9(b)

Third, Cruise America argues that all of Lack's claims fail to meet the heightened pleading standard of Rule 9(b), because he failed to allege "the particular circumstances surrounding [the allegedly misleading] representations." *Kearns*, 567 F.3d at 1126. Specifically, Cruise America contends that Lack asserts only conclusions and no specifics about the nature of the misrepresentations.

The Court agrees that Lack's claims are grounded in fraud and are therefore subject to Rule 9(b)'s particularity requirements. *See Kearns*, 567 F.3d at 1125 (while fraud is not a necessary element of every claim under the CLRA, to the extent the CLRA claim is "grounded in fraud" it must satisfy Rule 9(b)'s heightened pleading standards); *Das v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1166 (N.D. Cal. 2011) ("Plaintiffs allege three fraud based claims: intentional misrepresentation, fraudulent concealment, and negligent misrepresentation. All of these claims are subject to the heightened pleading requirements pursuant to Federal Rule of Civil Procedure

---

[3] Cruise America further contends that the Complaint is rendered implausible because plaintiff pleads certain facts "on information and belief," including his purchase of two extended warranties. Again, while the pleading could have stated the facts in a more concise manner, Lack's allegations are plausible given that he attaches, as Exhibit A to the Complaint, the agreement he alleges memorialized the two extended warranties.

7

9(b).").[4] However, the Court concludes that Cruise America's arguments that the Complaint failed to meet this standard are without merit. Lack alleged the "who, what, when, where, and how" of Cruise America's misrepresentations: he was sold the motorhome at Cruise America's dealership in Newark, California, on September 17, 2014, by Cruise America's employee, who made representations that the vehicle had been thoroughly inspected, completely refurbished, and was in excellent condition. (Complaint at ¶¶ 6, 7, 9.)[5] Lack alleged the motorhome was not in fact in "excellent condition" since it broke down before Lack made it home and that the motorhome had suffered pre-existing severe water damage, due to being submerged. (*Id*. at ¶ 9.) Further, despite the alleged warranties (*id.* at ¶ 7), Lack alleged Cruise America refused to make sufficient repairs, and despite multiple repair attempts, the repairs are still not complete (*id*. at ¶ 9). These allegations are sufficiently particular to permit defendant to respond to the claims.

Cruise America's reliance on *Kearns* is misplaced. There, the plaintiff alleged that defendant's marketing materials and representations led him to believe that certified pre-owned vehicles were subject to more rigorous inspections than others, and that he was exposed to these representations through a national television marketing campaign, sales materials at the dealership, and personnel working at the dealership. *Kearns*, 567 F.3d at 1125–26. The court held that the allegations lacked particularity because they did not specify what the advertisements said, when plaintiff was exposed to them, or other details to articulate defendant's misconduct. *Id.* Contrary to Cruise America's characterization of Kearns, the court's concerns there were not that

---

[4] In his opposition brief, Lack seems to indicate that his CLRA allegations are limited to defendant's representations that the motorhome had been thoroughly inspected, completely refurbished, and was in excellent condition, and therefore violate only subsections (5) and (7) of the CLRA, which, respectively, place prohibitions on representing goods to have characteristics or benefits "which they do not have," or "are of a particular standard, quality, or grade . . . if they are of another." Cal. Civ. Code §§ 1770(a)(5) and (7). On this basis, Lack contends that his CLRA claim does not sound in fraud and is not subject to Rule 9(b). However, the Complaint as currently pleaded includes subsections 2, 3, 5, 7, 9, 13, 14, 16, and 19. Thus, the Court analyzes the CLRA allegations under the Rule 9(b) standard. The Court does not reach plaintiff's argument that, if the CLRA subsection only requires a "representing" a false state of affairs, rather than "misrepresenting" a state of affairs, it is not subject to Rule 9(b).

[5] While Lack has not alleged specifically which employee made the representations, this is not required. *Odom*, 486 F.3d at 544–555 (where fraud is claimed in a consumer transaction, the complaint need not name specific store employee who made the misrepresentation).

8

misrepresentations about a "rigorous automobile inspection process" were inadequate to state a claim, but that such an allegation would have to be coupled with the specifics of who, what, when, and how that misrepresentation was made. Here, Lack has alleged such facts.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **DENIED**.

The Court hereby **SETS** a Case Management Conference on **Monday, September 25, 2017** at **2:00 p.m.**, at the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building, Oakland, Courtroom 1. Cruise America shall file its answer to the complaint within fourteen (14) days of this Order.

This Order terminates Docket Number 38.

**IT IS SO ORDERED.**

Dated: Ugrvgodgt"3, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**